# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelina Mamedova, | No. CV-25-04619-PHX-DWL (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner filed a petition for writ of habeas corpus under § 2241 challenging her immigration detention. (Doc. 1.) The Court dismissed the original petition with leave to amend, and Petitioner filed an amended petition. (Docs. 3-4.) The Court will dismiss Count Two, order counsel to serve the amended petition, and direct Respondents to respond to Count One.

## I.  Background

As alleged, Petitioner is a native and citizen of Russia. (Doc. 4 ¶ 24.) She expressed her political views opposing the Russian government's actions in Ukraine and became a target for potential criminal prosecution for treason.[1] (*Id.* ¶¶ 26, 28.) Petitioner fled Russia in December 2023 and came to the United States. (*Id.* ¶ 32.) Petitioner alleges that although she received a positive credible fear interview, her asylum claim was ultimately denied in March 2025. (*Id.* ¶ 34.) Petitioner's petition for review is pending in the Ninth Circuit and she was granted a stay of removal. (*Id.* ¶¶ 35, 37.)

---

[1] Petitioner alleges that after filing her petition for review with the Ninth Circuit, a warrant was issued for her arrest in Russia. (Doc. 4 ¶ 36.)

Petitioner alleges that her "order of removal became administratively final when the Board of Immigration Appeals dismissed her appeal in July 2025, and she has remained in immigration detention for a substantial period of time since the Immigration Judge's initial denial in March 2025. During this period, her detention has continued while removal has been legally barred by a court-ordered stay and judicial review remains pending. Detention that persists for an extended duration under circumstances where removal cannot be effectuated, and where delays are not attributable to the noncitizen, is precisely the type of prolonged civil confinement the Supreme Court has warned may violate the Constitution." (*Id.* ¶ 45.) Petitioner claims her detention violates her Fifth Amendment rights and also violates 8 U.S.C. § 1231(a) because her removal is stayed and, as a result, there is no significant likelihood of removal in the reasonably foreseeable future.

## II.     Summary Dismissal as to Count Two

Petitioner fails to state a claim for relief as to Count Two because, as she acknowledges, the statutory removal period under § 1231(a)(1)(B)(ii) has not begun because her removal proceedings are pending before the Ninth Circuit. As a result, her present detention cannot violate § 1231(a). Count Two will be dismissed.

## III.    Claims for which a Response will be Required

In Count One, Petitioner alleges that she has now "been detained for an extended period of time in connection with her removal proceedings and subsequent judicial review. Her order of removal became administratively final in July 2025, yet she remains confined even though the Department of Homeland Security is legally prohibited from removing her while the Ninth Circuit stay of removal remains in effect. [In addition, b]ecause the Ninth Circuit granted a stay on October 29, 2025, removal cannot lawfully occur until the petition for review is resolved. Current Ninth Circuit timelines indicate that such resolution may take up to three years. During this period, removal is not reasonably foreseeable. Continued detention under these circumstances is not reasonably related to the statutory purpose of securing removal and has become excessive, arbitrary, and punitive in violation of the Due Process Clause. *See Foucha v. Louisiana*, 504 U.S. 71, 82–83 (1992); *Jackson*

*v. Indiana*, 406 U.S. 715, 738 (1972)." (Doc. 4 ¶ 57.) The Court will require Respondents to answer this claim.

**IT IS THEREFORE ORDERED:**

(1)   Count Two is **dismissed**.

(2)   Counsel for Petitioner must immediately serve the Amended Petition upon Respondents.

(3)   If not already issued, the Clerk's Office must issue any properly completed summonses.

(4)   The Clerk of Court must also immediately transmit by email a copy of this Order and a copy of the Amended Petition (Doc. 4) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at theo.nickerson2@usdoj.gov.

(5)   Respondents must answer Count One of the Amended Petition within 20 days of the date of service. Petitioner may file a reply within 15 days from the date of service of the answer.

(6)   This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 9th day of February, 2026.

Dominic W. Lanza
United States District Judge